**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TAMARA JEAN FARRELL,              )
an individual,                              )
                                                  )        CASE NO.:
              Plaintiff,                      )
                                                  )
vs.                                             )
                                                  )
ARIEL BELVEDERE OWNER         )
 HOLDINGS LLC,                         )
a Delaware Limited Liability Company,   )
                                                  )
              Defendant.                    )
_____)

## COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel, hereby files this Complaint and sues ARIEL BELVEDERE OWNER HOLDINGS LLC, a Delaware Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter

referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.       Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3.       Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4.       MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia.  She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5.       Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking.

6.       Defendant ARIEL BELVEDERE OWNER HOLDINGS LLC, a Delaware Limited Liability Company, (hereinafter referred to as "DEFENDANT"), is registered to do business in the State of Georgia.  Upon information and belief, DEFENDANT is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the

Property, known as Belvedere Plaza, located at 3507 Memorial Dr, Decatur, GA 30032.

7.      All events giving rise to this lawsuit occurred in the Northern District of Georgia, Dekalb County, Georgia.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.      The Property, a shopping center, is open to the public and provides goods and services to the public.

10.     MS. FARRELL has visited the Property and attempted to utilize the goods and services offered at the Property.

11.     While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.[1]

12.     MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed herein, which still exist.

---

[1] Although this Property was previously sued in an unrelated ADA suit in September 2017 by a different plaintiff and resolved in January 2018, the barriers to access complained of in the instant matter have not been corrected. *See Waters v. Ariel Belvedere Owner Holdings LLC*, 1:17-cv-03648-RWS.

3

13.     MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon. However, but for the barriers to access located at the Defendant's Property, Plaintiff would visit more often.

14.     Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.304 et. seq. and are discriminating against the Plaintiff due to Defendant's failure to provide and/or correct, *inter alia,* the following architectural barriers which hindered Plaintiff's access throughout the Defendant's Property:

A.     Plaintiff encountered numerous inaccessible disabled use parking spaces throughout the Property due to missing, damaged and improperly mounted signage where they may be obscured by parked vehicles and faded paint markings.  These conditions made it difficult for Plaintiff to identify and use the designated accessible parking areas.

B.     Plaintiff encountered numerous inaccessible disabled use parking spaces throughout the Property due to a failure to provide full width access aisles adjacent to many of the disabled use spaces. This condition made it difficult for Plaintiff to safely exit/return to her vehicle once she located the accessible spaces due to the close proximity of neighboring vehicles.

C.     Plaintiff encountered inaccessible parking designated for

disabled use due to disrepair and slopes in excess of 1:48 within the spaces, particularly near Dollar Tree. This condition made it difficult for Plaintiff to transfer into and out of her vehicle and increased her risk of a fall.

D.     Plaintiff encountered inaccessible curb ramps in front of Beauty Supply, Dollar Tree, Home Gallery, Planet Fitness, Iora, and Aaron's due to disrepair, excessive slopes and excessive lips that are not flush with the ground. These conditions increased Plaintiff's chances of a fall and required that she use extra caution maneuvering over these ramps.

E.     Plaintiff encountered inaccessible sidewalks throughout the Property due to excessive running slopes, changes in elevation over six inches without proper handrails and pavement in disrepair. These conditions made it difficult for Plaintiff to maneuver throughout the sidewalk to access many of the businesses and increased her risk of a fall.

F.     Plaintiff encountered inaccessible tenant entrances due to slopes leading directly to the doorways without a level landing, such as near C-K Nails and ATC Income Tax.  These barriers forced Plaintiff to use extra caution while opening tenant doors and generally

decreased her ability to independently visit some of the stores at the Property.

   G.   Plaintiff encountered inaccessible tenant restrooms at the Property such as in the Dollar Tree store. More specifically, the sink has exposed piping and the rear grab bar is obstructed by storage shelving directly above it. These issues made it more difficult for Plaintiff to use the restroom.

15.   Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

16.   Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.   Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendant.

WHEREFORE, the Plaintiff demands judgment against ARIEL BELVEDERE OWNER HOLDINGS LLC, and requests the following injunctive and declaratory relief:

A.   That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B.   That the Court enter an Order directing DEFENDANT to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing DEFENDANT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures;

D.   That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
     John A. Moore, Esq.
     Georgia Bar No.: 519792
     Of Counsel
     The Moore Law Group, LLC
     1745 Martin Luther King Jr., Drive
     Atlanta, GA 30314
     Tel.: (678) 288-5601
     Fax: (888) 553-0071
     Email: jmoore@moorelawllc.com
     Attorney for Plaintiff